UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| REVERSE MORTGAGE FUNDING, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. 2:21-cv-00339-NT ) |
| JAMES H. PRANES, PERSONAL REPRESENTATIVE OF THE ESTATE OF NANCY L. PRANES, | ) ) ) ) ) RE: 40 Reef Road, |
| Defendant, | )     Waldoboro, ME 04572 ) |
| SECRETARY OF HOUSING AND URBAN DEVELOPMENT, CHRISTINE BOWDEN, JACQUELINE BOWDEN, LLOYD BOWDEN, RICKY BOWDEN, and CAROLINE CRAM, | ) Mortgage: December 7, 2007 ) Lincoln County Registry of Deeds ) Book 3944, Page 199 ) ) ) ) ) |
| Parties-in-Interest. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

On August 23, 2023, I entered an order denying Plaintiff Reverse Mortgage Funding, LLC's motion for a 90-day extension of the deadline set forth in 14 M.R.S. § 6323 to begin publication of its notice of sale for the foreclosure sale of the property located at 40 Reef Road in Waldoboro, Maine. Order Denying Mot. to Extend Time 90 Days to Commence Publication of the Notice of Sale (ECF No. 34). The Plaintiff now asks me to reconsider that order. Mot. for Reconsideration re: Order on Mot. to Extend Time ("**Mot. for Reconsideration**") (ECF No. 35). For the following reasons, the Plaintiff's motion is **GRANTED**.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment within twenty-eight days of the judgment's entry. Fed. R. Civ. P. 59(e). And Rule 60(b) governs the grounds for relief from a final judgment or order, such as mistake, inadvertence, excusable neglect, newly discovered evidence, and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(2), (6). A district court enjoys "substantial discretion and broad authority" to grant or deny a motion for reconsideration. *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 81 (1st Cir. 2008). A motion for reconsideration is not an opportunity to revisit the party's case and to "reargu[e] theories previously advanced and rejected." *Palmer v. Champion Mortg.*, 465 F.3d 24, 29–30 (1st Cir. 2006). But the court should grant a motion for reconsideration if the court "has patently misunderstood a party or has made an error not of reasoning but apprehension." *Ruiz Rivera*, 521 F.3d at 82 (citation and internal quotations omitted).

I denied the Plaintiff's original motion to alter the foreclosure judgment to allow more time to comply with the statutory deadline for publication because the Plaintiff failed to show good cause for extending that deadline. Maine's foreclosure statute provides that:

> The court, upon motion of the mortgagee, filed before the deadline for sale and showing good cause, may grant . . . extensions of the mortgagee's time to sell as it considers appropriate.
> . . .
> Upon a showing of good cause, the court may extend a deadline established by this section for the publication of the notice of sale or conducting the public sale.

14 M.R.S. § 6323. To meet this "good cause" standard, the Plaintiff's original motion stated only that "it failed to hold the foreclosure auction within the time period set

out in 14 M.R.S.A. § 6323(1) due to Covid-19 and forbearance extensions that were granted pursuant to the HUD Mortgagee Letter 2020-06." Mot. to Extend Time 90 Days to Commence Publication of the Notice of Sale (ECF No. 33). Finding the Plaintiff's stated reason insufficient, I denied the motion.

In its motion for reconsideration, the Plaintiff for the first time explains what it meant by that perfunctory statement and attaches additional documentation to support its extension request. According to the Plaintiff, before the 90-day redemption period had expired on August 17, 2022, the Defendant's spouse called the Plaintiff's servicer and explained that the Defendant intended to obtain financing to pay off the reverse mortgage but that "they have had setbacks with covid" and the Defendant had been unable to work due to health issues. Longoria Aff. in Supp. of Mot. for Reconsideration ¶¶ 6–9 ("**Longoria Aff.**") (ECF No. 35-1). The servicer's internal notes reflect that telephone conversation. Mot. for Reconsideration, Ex. B (ECF No. 35-2). Based on that call, the Plaintiff then granted the Defendant two consecutive six-month COVID-based extensions, and nothing was done on the matter until August 4, 2023, when the Plaintiff's servicer contacted counsel and requested that the law office proceed with the foreclosure sale. Longoria Aff. ¶¶ 9, 11.

Although the Plaintiff's motion for reconsideration comes close to being an impermissible chance to reargue its motion for an extension, I can see this as a case where I may have misapprehended the Plaintiff's earlier barebones argument for more time "due to Covid-19 and forbearance extensions." As the Plaintiff now puts it, "the extension sought was not to obtain a deficiency or any other advantage to the

3

Plaintiff, it was to respect the HUD guidelines for Covid[-]related extensions and [to] provide this family a window of opportunity to resolve their issues and redeem the property prior to foreclosure sale." Mot. for Reconsideration 4. Now that I understand the Plaintiff's reasons for not publishing the foreclosure sale within the statutory deadline, I find that there is good cause to amend the judgment to reflect the requested extension, which allowed the Defendant to retain possession of the Waldoboro property for an extra year and which does not otherwise prejudice the Defendant because the Defendant's rights in the property have already terminated.[1]

Because the Plaintiff has now demonstrated good cause for extending the deadline, reconsideration of my prior order is appropriate. I therefore **GRANT** the Plaintiff's Motion for Reconsideration (ECF No. 35), **VACATE** the Court's August 23, 2023 Order Denying the Plaintiff's Motion to Extend Time 90 Days to Commence Publication of the Notice of Sale (ECF No. 34), and **GRANT** the Plaintiff's Motion to Extend Time 90 Days to Commence Publication of the Notice of Sale (ECF No. 33). It is **ORDERED** that the Plaintiff's deadline under 14 M.R.S. § 6323 to commence publication of the notice of sale for the foreclosure auction sale of the Waldoboro property is extended to within ninety (90) days of the granting and docketing of this

---

[1] The Plaintiff states in its motion it that it now recognizes that, "in considering motions to extend for sale[,] this Court expects a detailed presentation of the factual background demonstrating Good Cause." Mot. for Reconsideration re: Order on Mot. to Extend Time (ECF No. 35). The Plaintiff is correct to recognize that this Court does expect such a detailed presentation as is needed to support a finding of good cause. In the future, the Plaintiff should also be mindful of the Maine foreclosure statute's directive to seek an extension or time to publish notice of sale "before the deadline for sale." *See* 14 M.R.S. § 6323(1). Here, the Plaintiff should have filed its motion for an extension of time back in August of 2022—when it gave the Defendant the first six-month COVID extension and the Plaintiff knew that it was not complying with the foreclosure sale deadlines—rather than wait more than a year after the expiration of the redemption period.

order. The Judgment of Foreclosure and Sale is affirmed in all other respects, including the original entry date of May 19, 2022.

SO ORDERED.

                                              /s/ Nancy Torresen
                                              United States District Judge

Dated this 19th day of September, 2023.